

| | U.S. Department of Justice |
|---|---|
| | Civil Division |
| | Tax Litigation Branch |

*Telephone No.(202) 514-3361*  *Please reply to: Appellate Section*
*Facsimile No. (202) 514-8456*  *P.O. Box 502*
*Appellate.Taxcivil@usdoj.gov*  *Washington, D.C. 20044*

JRubin
DJ# 5-24939
CMN 2021100465                                     March 4, 2026

**Via CM/ECF**

David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

    Re:   *Coca-Cola Co. & Subs. v. Commissioner*, No. 24-13470 (11th Cir.) Response to Fed. R. App. P. 28(j) letter regarding *3M Co. v. Commissioner*, 154 F.4th 574 (8th Cir. 2025), *reh'g denied* (Feb. 19, 2026)

Dear Mr. Smith:

    This Court should not rely on the *3M* decision to grant Coca-Cola a perpetual deferral of income taxes that it owes pursuant to I.R.C. §482 (26 U.S.C.). As we have explained (US-Br. 26-65), Coca-Cola misallocated massive amounts of income to foreign subsidiaries on its U.S. tax returns, including to its Brazilian subsidiary. Coca-Cola seeks to avoid a proper allocation of income as to that subsidiary by relying on a Brazilian law limiting the amount of money transferred to a related party as "royalties" for purposes of Brazilian taxes. However, as shown by Coca-Cola's own actions, this law does not bar paying dividends, or treating those dividends as "royalties" for purposes of U.S. taxes. (US-Br. 67-68 (citing record).)

    Although Coca-Cola disagrees with the argument (US-Br. 73) that "income" is broader under §482 in this context, it does acknowledge (Reply 27) that §482 "incorporat[ed] existing judicial interpretations" of "income." But *3M* improperly adopted a <u>narrower</u> definition of "income" for §482 than elsewhere in the Internal Revenue Code. As reaffirmed in *Moore v. United States*, 602 U.S. 572, 589-90, 596-98 (2024), "income" has long covered

economic gain to a taxpayer, even where the taxpayer cannot force its distribution, presently receive the income, or repatriate the income.

Moreover, it is undisputed that Coca-Cola <u>could</u> have accessed the income allocated to it by the Commissioner—just not in the form of "royalties" deductible under Brazilian law. (US-Br. 67-68) Indeed, Brazilian laws do not control classification of income for U.S. tax purposes. (US-Br. 75.) The income here is not "blocked" under the law or under these facts.

Contrary to Coca-Cola's claims (Ltr. 2), echoing *3M*, acknowledging that Coca-Cola could require its subsidiary to pay dividends would not force it to "'purposely evade' Brazilian law." Coca-Cola did not violate Brazilian law when it used dividends (for Brazilian tax purposes) to pay itself the equivalent of royalties (for U.S. tax purposes) in the past. Doing so would not violate Brazilian law in the future. (US-Br. 66-75.)

In short, Brazilian law neither blocks the relevant income—legally or practically—nor bars the Commissioner's income allocation.

        Sincerely yours,

        /s/ Jennifer M. Rubin
        Jennifer M. Rubin
        Attorney
        Appellate Section